UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN KING, et al.                                                                                       PLAINTIFFS

v.                                          No. 2:20-CV-02188

ROCKLINE INDUSTRIES, INC.                                                                   DEFENDANT

## OPINION AND ORDER

Before the Court is a joint motion (Doc. 40) to approve the parties' settlement agreement and dismiss Plaintiffs' claims with prejudice. The parties also submitted a proposed settlement agreement (Doc. 40-1). For the reasons set forth below, the motion will be DENIED without prejudice to its refiling.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). The Court finds a bona fide dispute exists. Plaintiffs argue Defendant paid non-exempt employees non-discretionary bonuses, which were not included in Defendant's calculation of overtime premium. Defendant denies any violation of the FLSA or AMWA. Because a bona fide dispute exists, the Court must evaluate whether the settlement is fair and equitable.

The FLSA was enacted for the purpose of protecting workers from "substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739 (1981). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food*, 679 F.2d at 1352

(citation omitted).  "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies that it was designed to effectuate."  *Barrentine*, 450 U.S. at 740.

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them."  *Lynn's Food*, 679 F.2d at 1352-53.  Second, "[w]hen employees bring private actions for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* at 1353.  Most cases are not compromised under these categories but are submitted to the district court for approval and dismissal with prejudice as to FLSA claims.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement agreement to promote the policy of encouraging the settlement of the litigation."  *Id.* at 1354.

In determining whether a settlement is fair and reasonable under the FLSA, factors the court may consider include the stage of litigation and amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiation between the parties based on the merits of the case.  *Carrillo v. Dandan Inc.*, 51 F.Supp.3d 124, 132-33 (D.D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

The parties state the settlement amount represents 100% of the plaintiffs' calculated unpaid overtime pages, as well as an equal amount in liquidated damages.  Although there is no mention

2

of the alleged number of hours of unclaimed overtime, the representation that the damages are 100% of unpaid overtime, as well as the appendix listing each plaintiff's total settlement amount, are sufficient to demonstrate how the settlement amount was reached.  Further, the motion represents the parties exchanged discovery and reviewed time records and payroll data.

However, the settlement agreement contains a release of non-wage related claims. "The Court does not approve the broad release language that the parties propose in [the settlement agreement] because the provision violates the legislative purpose of the FLSA . . . [and] an employer may not use an FLSA claim to leverage a release from liability unconnected to the FLSA."  *Doe 1 v. G&M, LLC*, No: 16-CV-01477, 2018 WL 4778048 (N.D. Ala. Oct. 3, 2019) (internal citations omitted).  "[I]n order to be compensated consistent with the FLSA, an employee cannot be compelled to surrender other rights, for doing so undermines the fundamental nature of the minimum wage and overtime protection of the Act by enabling an employer to extract a price for simply doing what the Act requires." *Briggins v. Elwood TRI, Inc.*, 3 F.Supp.3d 1277, 1288-89 (N.D. Ala. 2014).  The parties have not shown the settlement of non-wage related claims is not consideration for the settlement of wage related claims.  Because the law prevents Defendant from eliciting a waiver of non-wage related claims, the Court will not approve provisions effecting a general release.

IT IS THEREFORE ORDERED that the joint motion (Doc. 40) to approve the settlement agreement and dismiss is DENIED, without prejudice to its refiling.

IT IS SO ORDERED this 13th day of August, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE